**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | | |
|---|---|---|
| JAMES FORSYTHE, M.D., et. al., | ) | 3:10-cv-00508-ECR-VPC |
| Plaintiffs, | ) | |
| vs. | ) | **Order** |
| UNITED STATES OF AMERICA, et. al, | ) | |
| Defendants. | ) | |

Now pending is a motion to dismiss (#12) filed by Defendants. The motion is ripe, and we now rule on it.

## I. Background

In a separate proceeding, Plaintiff James Forsythe ("Forsythe") was indicted and brought to trial on criminal charges for alleged illegal distribution of an unapproved human growth hormone and distribution of a human growth hormone for an unapproved purpose. (Mot. to Dismiss at 1 (#12).) During trial, one criminal charge was dismissed and the jury found Forsythe not guilty of the second charge. (Id. at 6.) Thereafter, Forsythe brought suit in the Northern District of California ("NDCA") on November 13, 2008 against the United States and individual defendants for various claims such as negligence, malicious prosecution, and abuse of process. (Id.) On August 14, 2009, Forsythe's first amended

complaint was dismissed with leave to amend (Sladden Decl. Ex. I (#13), and on November 30, 2009, Forsythe's second amended complaint was dismissed without leave to amend (Sladden Decl. Ex. J (#13); Mot. to Dismiss at 7 (#12).)  Judgment was entered on January 25, 2010 and the NDCA action was closed.  (Id.)

On August 17, 2010, Plaintiffs Forsythe and Earlene Forsythe filed suit in the District of Nevada against the United States of America and individual Defendant John Zelinsky ("Zelinsky") alleging virtually identical claims to those dismissed in the NDCA action. (Complaint (#1).)  On January 24, 2011, Defendants filed a motion to dismiss (#12).  Plaintiffs failed to timely respond, but on February 16, 2011, we granted (#17) Plaintiffs additional time to respond to the motion to dismiss (#12) and to show excusable neglect.  On March 2, 2011, Plaintiffs filed their response (#19) to Defendants' motion to dismiss (#12).  On March 9, 2011, Defendants replied (#20).

## II. Standard of Review

### A. Rule 12(b)(1) Standard

The plaintiff bears the burden of establishing that this Court has personal and subject matter jurisdiction over the defendant. See Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857, 862 (9th Cir. 2003).  A motion to dismiss for lack of jurisdiction may attack the sufficiency of the complaint, or it may be made as a "speaking motion" attacking the existence of jurisdiction as a matter of fact. Thornhill Publ'g. Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  "Where the jurisdictional issue is separable from the merits of the case, the judge may consider the

evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." Id. Absent an evidentiary hearing, however, the plaintiff "need only make a prima facie showing of jurisdiction to survive the motion to dismiss." Mattel, 354 F.3d at 862. Further, absent an evidentiary hearing, the non-movant's version of any contested facts must be taken as true. Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1160 (9th Cir. 2007).

Plaintiff, who appears herein pro se, expresses some bafflement at the concept of jurisdiction. This is understandable, since it sometimes is challenging even for those who are trained in the law. The Court holds pro se pleadings to a less stringent standard than briefs by counsel and reads pro se pleadings generously, "however inartfully pleaded." See Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, this less stringent pleading standard for pro se litigants does not permit us to expand our exercise of jurisdiction. See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998 (9th Cir. 2007) (noting that "as federal courts, we are courts of limited jurisdiction and we will strictly construe our jurisdiction").

**B. Rule 12(b)(6) Standard**

Courts engage in a two-step analysis in ruling on a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). First, courts accept only non-conclusory allegations as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly,

3

550 U.S. at 555). Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. The Court must draw all reasonable inferences in favor of the plaintiff. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint "states a plausible claim for relief." Iqbal, 129 S. Ct. at 1949. (citing Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are

4

insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see FED. R. EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the

5

territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

### III. Discussion

Plaintiffs concede that several of their claims should be dismissed. Specifically, Plaintiffs concede that Earlene Forsythe is not a proper plaintiff to the malicious prosecution claim (Count VIII) because she was not prosecuted. Plaintiffs concede that the claim for intentional interference with prospective business relationship (Count VII), and all of Plaintiffs' Constitutional claims (Counts III-V) should be dismissed against the United States due to res judicata. Plaintiffs also concede that all tort claims (Counts I and VI-VIII) and the Section 1983 claim (Count V) should be dismissed against Zelinsky for the same reason. The NDCA court's rulings on those claims will be examined below.

Plaintiffs' remaining claims shall also be dismissed for reasons discussed below.

**A. Claims Against the United States**

    1. FTCA Tort Claims

Plaintiffs' claims for negligence (Count I), negligent entrustment (Count II), and abuse of process and malicious prosecution (Count VIII) against the United States must be dismissed with prejudice because such claims are barred by the two-year statute of limitations. The Federal Tort Claims Act ("FTCA") "waives the sovereign immunity of the United States for actions in tort." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992).

6

1  The NDCA court found that Plaintiffs' claims in the NDCA action were
2  untimely because Plaintiffs failed to exhaust administrative
3  remedies before the complaint was filed.  The court also found that
4  Plaintiffs' tort claims are barred by the statute of limitations,
5  and therefore leave to amend would be futile.
6       We agree with the NDCA court that Plaintiffs' tort claims are
7  barred by the statute of limitations.  While Defendants argued that
8  claim preclusion and issue preclusion mandate dismissal of these
9  claims, we do not base our conclusion on claim or issue preclusion
10 because the NDCA court ultimately based its ruling on lack of
11 subject matter jurisdiction due to Plaintiffs' failure to exhaust
12 administrative remedies before filing the NDCA action.  "Issue
13 preclusion only applies to issues that were actually and necessarily
14 litigated and on which there was a final decision on the merits."
15 Five Star Capital Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008).
16 Claim preclusion likewise does not apply here because claim
17 preclusion "does not include a case that was dismissed without
18 prejudice or for some reason (jurisdiction, venue, failure to join a
19 party) that is not meant to have a preclusive effect."  Id. at 713
20 n. 27.  While we do not apply claim preclusion or issue preclusion
21 to Plaintiffs' tort claims against the United States, we agree with
22 the NDCA court that the tort claims must be dismissed without leave
23 to amend for lack of subject matter jurisdiction because the claims
24 are time-barred.
25      Under the FTCA, a plaintiff must present a claim to the
26 appropriate federal agency within two years of accrual.  28 U.S.C. §
27 2401(b).  A tort action against the United States accrues "when a
28

7

1  plaintiff knows or has reason to know of the injury which is the
2  basis of his action." Hensley v. United States, 531 F.3d 1052, 1056
3  (9th Cir. 2008) (quoting Gibson v. United States, 781 F.2d 484, 487
4  (9th Cir. 1984)).  Plaintiffs' injury was the indictment of
5  Forsythe, which occurred on September 27, 2006.  Plaintiffs did not
6  present these claims to a federal agency until April 2009 ("April
7  Claim"), and that claim was invalid because it did not include a
8  "sum certain" as required by statute. Cervantes v. United States,
9  896 F.2d 1496, 1989 WL 18126, at *2 (9th Cir. Feb. 22, 1989).
10 Plaintiffs did not submit a valid claim with a sum certain until
11 November 13, 2009 ("November Claim").  Plaintiffs argue that the
12 April Claim, not the November Claim, is the proper claim to
13 determine whether Plaintiffs filed a timely administrative claim.
14 However, Plaintiffs' November 13, 2009 correction of the sum certain
15 requirement "is not sufficient to correct the error, despite the
16 government's lack of prejudice" because it was undoubtedly filed
17 after the statute of limitations had run. Dalrymple v. United
18 States, 460 F.3d 1318, 1326 (11th Cir. 2006); see also Kokotis v.
19 United States Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000);
20 Kokaras v. United States, 980 F.2d 20, 22 (1st Cir. 1992);
21 Cervantes, 1989 WL 18126, at *2.
22      Even were the April Claim valid for statute of limitations
23 purposes, Plaintiffs' claims for negligence and negligent
24 entrustment are untimely.  While Plaintiffs argue that they did not
25 become aware of allegedly negligent investigation techniques until
26 the trial, Plaintiffs' injury undeniably became known to Plaintiffs
27 at the time of the indictment.  In Gibson, the Ninth Circuit
28

8

1  rejected the plaintiffs' argument that their cause of action against
2  the government did not begin to run until they discovered that FBI
3  agents were involved in a fire that destroyed the plaintiffs'
4  garage.  781 F.2d at 1344.  Instead, the Ninth Circuit held that
5  "the incident alone immediately alerted them to the fact of their
6  injury, *i.e.*, the destruction of Gibson's property, and its cause,
7  fire." Id.  Plaintiffs' tort claims address only the allegedly
8  "overzealous" investigation of Forsythe, ignoring the Food and Drug
9  Administration's ("FDA") list of approved drugs, wrongful search
10 warrants, raids, assault, and indictment of Forsythe.  It is not
11 necessary that Plaintiffs be aware of the exact methods that led to
12 Plaintiffs' injury.  These injuries and their cause, the
13 investigation, were known to the Forsythes by the date of the
14 indictment, and therefore the tort claims accrued, at the latest, on
15 September 27, 2006.
16      Dr. Forsythe's malicious prosecution claim (Count VIII) is
17 likewise infirm.  The NDCA court determined that the malicious
18 prosecution claim accrued on November 6, 2007, when the criminal
19 charges were dismissed. (Sladden Decl. at ¶ 11, Ex. J (Order at n.
20 5) (#13).)  Because Plaintiffs' April Claim is insufficient to
21 satisfy the two-year statute of limitations due to its lack of a sum
22 certain, Plaintiffs' malicious prosecution claim is untimely because
23 it accrued two years before the valid administrative claim filed on
24 November 13, 2009.  See, e.g., Dalrymple, 460 F.3d at 1326;
25 Cervantes, 869 F.2d at *2.
26      Because Dr. Forsythe's malicious prosecution claim is untimely,
27 we must dismiss the claim for lack of subject matter jurisdiction.
28
                                    9

1  We note, however, that there exists an alternative ground on which
2  the claim must be dismissed.  The elements of a claim for malicious
3  prosecution under Nevada law are (1) lack of probable cause to
4  initiate the prior criminal proceeding, (2) malice, (3) termination
5  of the prior criminal proceedings, and (4) damages.  <u>LaManita v.</u>
6  <u>Redisi</u>, 39 P.3d 877, 879 (Nev. 2002).  Plaintiffs litigated the
7  first element of probable cause in a <u>Franks</u> briefing in the criminal
8  proceeding before Judge McKibben.  A plaintiff may be collaterally
9  estopped from bringing a malicious prosecution suit when a
10 preliminary hearing on probable cause was held and decided against
11 the plaintiff in the criminal proceedings preceding the civil suit.
12 <u>Haupt v. Dillard</u>, 17 F.3d 285, 290 (9th Cir. 1994).  The discovery
13 of new exculpatory evidence after the preliminary hearing may,
14 however, prevent collateral estoppel from applying.  <u>Id.</u> at n.5.  In
15 the order denying Forsythe's motion to dismiss in the criminal
16 proceeding, Judge McKibben noted that Forsythe was not entitled to a
17 <u>Franks</u> hearing because he failed to "make a substantial preliminary
18 showing that a false statement necessary to the finding of probable
19 cause was knowingly and intentionally, or with reckless disregard
20 for the truth, included in the warrant affidavit."  (Sladden Decl.
21 Ex. C at 2 (#13).)  While Forsythe was not granted a <u>Franks</u> hearing,
22 he had a full opportunity to present his argument and evidence
23 regarding any lack of probable cause through the briefing, and by
24 all accounts did so.  The fact that Judge McKibben did not hold a
25 hearing because Plaintiffs failed to make even a preliminary showing
26 of lack of probable cause should not bar collateral estoppel from
27 applying in this case.  In <u>Haupt</u>, the Ninth Circuit noted that the
28

10

1  purpose of the hearing was to determine whether a defendant should
2  be bound over for trial, and but for the probable cause
3  determination, there would have been no trial and no judgment of
4  acquittal, and therefore the probable cause determination was
5  "necessarily decided" for purposes of collateral estoppel.  Haupt,
6  17 F.3d at 289.  Likewise, Judge McKibben's order necessarily
7  determined the probable cause issue in the criminal proceeding.
8       The only new pieces of evidence Plaintiffs cite to in support
9  of their claim for malicious prosecution is an allegation that
10 Zelinsky admitted at trial to not consulting the FDA's own
11 publication of approved drugs to ascertain whether the human growth
12 hormone Forsythe allegedly distributed illegally was approved, and
13 an allegation that the drugs purportedly seized from Forsythe were
14 marked with a different physician's name.  This information,
15 Plaintiffs claim, was not available at the time of the
16 Franks briefing.  We do not think that this admission amounts to
17 "significant, reliable, new evidence that might have . . . obviated
18 probable cause."  Id.  In fact, as part of the Franks briefing,
19 Judge McKibben was presented with the argument that the human growth
20 hormone at issue in this case was approved for use by the FDA, and
21 that Zelinsky allegedly provided false information regarding whether
22 the drug was unapproved to obtain search warrants issued in that
23 case.  In addition, while not considered by Judge McKibben, we do
24 not find that the name on the drug bottles seized from Forsythe
25 vitiate probable cause.  Because Plaintiffs are unable to provide
26 any significant new evidence that was not presented to Judge
27 McKibben at the time of Franks briefing, we find that Plaintiffs are
28

11

collaterally estopped from relitigating the issue of probable cause, and therefore the claim for malicious prosecution must be dismissed even apart from the jurisdictional defect.

Based on the foregoing, Plaintiffs' tort claims for negligence, negligent entrustment, and abuse of process/malicious prosecution against the United States must be dismissed with prejudice due to a lack of subject matter jurisdiction.

### 2. Claim for Intentional Interference With Prospective Business Relationship (Count VII)

While Plaintiffs' claim for intentional interference with prospective business relationship (Count VII) was dismissed in the NDCA action for failure to exhaust administrative remedies, we agree with the NDCA court's conclusion that any leave to amend would be futile because the "United States has not waived its sovereign immunity with respect to [that] tort[]." (Sladden Decl. Ex. J at 6 (#13).)  28 U.S.C. § 2680 provides that the FTCA "shall not apply to . . . [a] claim arising out of . . . interference with contract rights."

### 3. Constitutional Claims

Plaintiffs' claims for violation of the First Amendment (Count III), violation of procedural due process (Count IV), and violation of civil rights (Count V) are barred by *res judicata*.  In an order dismissing Plaintiffs' first amended complaint in the NDCA action, the NDCA court dismissed these claims with prejudice because such causes of action are "not available against the United States." (Sladden Decl. Ex. I at 5 (#13).)  Plaintiff concedes that these claims should be dismissed for that reason.  (Opp. at 13 (#18).)

12

**B. Claims against Zelinsky**

1. Bivens Claims

Federal agents may be sued in their individual capacity for alleged violations of the Constitution. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1999). Plaintiff asserts two Bivens claims against Zelinsky for violation of First Amendment rights (Count III), and violation of procedural due process (Count IV). The statute of limitations for Bivens claims is determined by the forum state's statute of limitations for personal injury. Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991). In Nevada, the statute of limitations for personal injury is two years. N.R.S. § 11.190(4)(e). Federal law determines when a claim accrues. Lukobvsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (quoting TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)). As discussed in the previous section addressing Plaintiffs' tort claims against the United States, Plaintiffs' Bivens claims against Zelinsky are barred by the statute of limitations. Plaintiffs became aware of their injury at least by the date of the Forsythe's indictment on September 27, 2006. Plaintiffs' suit is simply too late. The additional allegations concerning improper investigative techniques unearthed at trial are not sufficient to toll the statute of limitations.

Plaintiffs' Bivens claims are also subject to dismissal due to *res judicata*. While Plaintiffs claimed that the NDCA court

13

dismissed these claims "without leave to amend, but did not indicate whether the dismissal was with or without prejudice.  In dicta to this ruling the [NDCA court] addressed the futility of amending in relation to the statute of limitations." (Opp. at 13 (#18).) However, the NDCA court actually dismissed the Bivens claims by holding that the claims are "barred by the statute of limitation." (Sladden Decl. Ex. I. August 14, 2009 Order at 13, 14 (#13); Sladden Decl. Ex. J November 30, 2009 Order at 13 (#13).)  This language was not dicta, it was the basis for the dismissal of those claims. Therefore, while we addressed the statute of limitations argument above because Defendants appeared to acquiesce to Plaintiffs' argument that *res judicata* does not apply, we find that *res judicata* based on the NDCA court's ruling that the statute of limitations bars these claims does apply, and is the correct basis on which to dismiss these claims.

### 2. Remaining Claims

Plaintiffs' claims for negligence (Count I), violation of civil rights (Count V), interference with current contractual relationships (Count VI), intentional interference with prospective business relationships (Count VII), and malicious prosecution and abuse of process (VIII) are barred by *res judicata*.  In an order dismissing Plaintiffs' first amended complaint in the NDCA action, the NDCA court dismissed the tort claims against Zelinsky with prejudice because a designee of the United States Attorney General filed a certification in that action declaring that Zelinsky was acting within the course and scope of his employment, and Plaintiffs failed to disprove the certification by a preponderance of the

evidence despite being given an opportunity to do so.  (Sladden Decl. Ex. I. at 7-8 (#13).)  Plaintiffs concede that the tort claims should be dismissed on that basis, and that the section 1983 claim for violation of civil rights (Count V) should be dismissed against Zelinsky because he is not a state actor.

While Plaintiffs are correct that *res judicata* bars Plaintiffs from bringing these claims after they were adjudicated in the NDCA action, we note that our examination of the NDCA court's ruling on Plaintiffs' civil rights claim (Count V) was based on the statute of limitations, and not on Zelinsky's status as a state or non-state actor.  The NDCA court found that because the complaint in the NDCA action was filed more than two years after indictment, the section 1983 claim is time-barred.  (Sladden Decl. Ex. I. August 14, 2009 Order at 13, 14 (#13).)

**C. Claim for Declaratory and Injunctive Relief (Count IX)**

Finally, Plaintiffs assert a claim for declaratory and injunctive relief (Count IX).  In this claim for relief, Plaintiffs allege that "a justiciable controversy exists on this date between Dr. Forsythe and the FDA regarding the legality of Dr. Forsythe's prescribing human growth hormone for a medical purpose."  (Compl. ¶ 222 (#1).)  Plaintiffs claim that Forsythe is "threatened with additional prosecution by the FDA if he prescribed human growth hormone . . . ."  (Id.)  The NDCA court dismissed a similar claim for declaratory and injunctive relief because it lacked jurisdiction to consider it.  The NDCA court noted that under Ninth Circuit law, "courts of equity [do] not ordinarily restrain criminal

15

1 prosecutions." <u>Steiner v. Hocke</u>, 272 F.2d 384, 385-86 (9th Cir.
2 1959).  In this case, Plaintiffs argue that they seek an
3 interpretation of the statute pertaining to human growth hormone, 21
4 U.S.C. § 333(e)(1), which they claim is vague and leaves physicians
5 exposed to strict liability.  The statute does not expose physicians
6 to strict liability.  It clearly provides that distribution, or
7 possession with intent to distribute, of human growth hormone for
8 unapproved purposes must be done "knowingly."  21 U.S.C. §
9 333(e)(1).  Furthermore, we agree with the NDCA court that we lack
10 jurisdiction to enjoin enforcement proceedings pursuant to the
11 Federal Food, Drug, and Cosmetic Act.  <u>Ewing v. Mytinger &</u>
12 <u>Casselberry</u>, 339 U.S. 594, 601-602 (1950).  Plaintiffs have failed
13 to differentiate their current claim from the one which was
14 dismissed by the NDCA court, and the claim shall be dismissed.

### IV. Conclusion

17     Plaintiffs' claims will be dismissed in their entirety without
18 leave to amend due to lack of subject matter jurisdiction, the
19 statute of limitations, and a failure to state a claim upon which
20 relief may be granted.
21     Specifically, Plaintiffs' first and second causes of action
22 (Counts I and II), negligence and negligent entrustment, will be
23 dismissed against the United States for lack of subject matter
24 jurisdiction because the claims are time-barred under the FTCA.
25 Plaintiffs' negligence claim (Count I) against Zelinsky will be
26 dismissed because the NDCA court found that Zelinsky was acting in

the course and scope of his employment and dismissed the claim with prejudice.

Plaintiffs' third cause of action (Count III) for violation of First Amendment rights brought against the United States will be dismissed because the NDCA court found that such claims are unavailable against the United States, and the same claim against Zelinsky will be dismissed because the NDCA court found that it is barred by the statute of limitations.

Plaintiffs' fourth cause of action (Count IV), for violation of procedural due process against the United States will be dismissed by reason of *res judicata* because the NDCA court found that the claim is not available against the United States, and the same claim against Zelinsky will be dismissed also by reason of *res judicata* because the NDCA court found that the statute of limitations bars the claim.

Plaintiffs' fifth cause of action (Count V) for violation of civil rights against the United States will be dismissed because the NDCA court found that the claim is not available against the United States, and the same claim against Zelinsky will be dismissed dismissed because the NDCA court held that the statute of limitations bars Plaintiffs from bringing the claim.

Plaintiffs' sixth cause of action (Count VI), interference of current contractual relationships against Zelinsky, will be dismissed because the NDCA court found that Zelinsky was acting in the course and scope of his employment.

Plaintiffs' seventh claim for relief (Count VII), intentional interference with prospective business relationships, is dismissed

17

against the United States because the United States has not waived its sovereign immunity with respect to that tort, and the same claim against Zelinsky will be dismissed because the NDCA court found that Zelinsky was acting in the course and scope of his employment.

Plaintiffs' eighth cause of action (Count VIII), malicious prosecution and abuse of process, is dismissed against the United States for lack of subject matter jurisdiction due to Plaintiffs' failure to file a timely administrative claim, and against Zelinsky because the NDCA court found that he was acting in the course and scope of his employment.

Plaintiffs' ninth cause of action (Count IX), declaratory and injunctive relief, is dismissed for failure to state a claim upon which relief may be granted.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' motion to dismiss (#12) is **GRANTED**. All of Plaintiffs' claims are hereby dismissed with prejudice.

The Clerk shall enter judgment accordingly.

DATED: May 16th, 2011.

*Edward C. Reed*

UNITED STATES DISTRICT JUDGE